UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRED SCOTT,
f/k/a Steven Dean Adams,

Petitioner,

v.

DAVID CRIST, Warden,

Respondent.

Civil No. 00-1863 (RHK/FLN)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On April 17, 1997, Petitioner was convicted in the district court for Rock County, Minnesota, on charges of first degree criminal sexual conduct. He received a 30-year prison sentence, which he is presently serving at the Minnesota Correctional Facility at Stillwater, Minnesota. (Petition, [Docket No. 1], p. 1.)

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

AUG 14 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals, in which he claimed that the trial court erred by (1) admitting certain testimony offered by a sheriff and a social worker, (2) sentencing him as a "patterned sex offender," (3) imposing a statutory maximum sentence, and (4) failing to provide proper credit for pre-conviction jail time. The Court of Appeals found in favor of Petitioner on his jail-time credit claim, but affirmed his conviction and sentence. State v. Adams, No. C8-97-1180 (Minn.App. 1998), 1998 WL 128759 (unpublished opinion). Petitioner applied to the Minnesota Supreme Court for further review, but that application was denied by order dated April 30, 1998. Id.

On September 29, 1998, Petitioner filed a motion for post-conviction relief. Adams v. State, No. C7-98-2170 (Minn.App. 1999), 1999 WL 300908 (unpublished opinion) at *1. In that motion, he argued that his conviction was based on perjured testimony. Id. at *3. The trial court summarily rejected Petitioner's claim, and the Minnesota Court of Appeals affirmed that ruling in a decision dated May 11, 1999. Petitioner again applied to the Minnesota Supreme Court for further review, but his request was denied by order dated August 25, 1999.[2]

Petitioner's present application for federal habeas corpus relief was received and filed on August 7, 2000. The instant petition lists three grounds for relief: (1) that Petitioner's claim was obtained by use of a coerced confession, (2) that the prosecutor failed to disclose exculpatory evidence, and (3) that his conviction violates a recent U.S.

---

[2] Petitioner states that he does not know the exact date when the Supreme Court denied his request for further review, but the Court has found that date on Westlaw.

Supreme Court decision, Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), which purportedly "protect[s] defendant(s) from excessive sentences imposed upon them by the sentencing court judges." (Petition, p. 3.) None of these claims will be addressed on the merits, however, because the Court finds that the petition was not filed within the time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed, because it is time-barred.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending shall not be counted toward any period of limitation under this subsection."

With one possible exception discussed more fully below, there is nothing on the face of the instant petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability here. In other words, there is no suggestion that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any new evidence that could not have been discovered earlier or any newly-recognized constitutional right (except as discussed hereafter). Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his request for further review on April 30, 1998. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the statute of limitations began to run in this case, on July 29, 1998 -- 90 days after the Minnesota

Supreme Court upheld his conviction on direct appeal.

The statute of limitations ran for 61 days after July 29, 1998, but then it was tolled on September 29, 1998, when Petitioner filed his post-conviction motion in the trial court. The statute remained tolled during the entire period of time while the post-conviction proceedings were pending in the various Minnesota state courts. See Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). However, the statute began to run again after August 25, 1999 -- the date when the Minnesota Supreme Court denied Petitioner's request for further review of his post-conviction claims.[3]

The statute of limitations then ran for another 341 days, from August 26, 1999, until August 3, 2000 – the deemed filing date of the instant petition.[4] Thus, the statute of limitations ran in this case for a total of 402 days – 61 days before the state post-conviction

[3] The 90-day time period during which Petitioner could have sought certiorari review in the U.S. Supreme Court does not come into play when determining when state post-conviction proceedings are no longer "pending" for purposes of § 2244(d)(2). Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) (statute of limitations is not tolled during the period when a prisoner may seek certiorari review following an adverse ruling by the highest state court in a state post-conviction proceeding), cert. denied, 120 S.Ct. 808 (2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (same), cert. denied, 120 S.Ct. 1834 (2000); Ramos v. Walker, 88 F.Supp.2d 233, 236 (S.D.N.Y. 2000) (same); Neloms v. McLemore, No. 99-CV-75642 (E.D.Mich. May 22, 2000), 2000 WL 654942 at *1, n. 2 ("[s]ection 2244(d)(2) does not toll the limitations period from the time a state's highest court denies relief on post-conviction or other collateral review until the time in which an inmate could have petitioned the United States Supreme Court for a writ of certiorari").

[4] Because Petitioner is entitled to the so-called "mail-box rule," (see Nichols v. Bowersox, 172 F.3d 1068,1077 (8th Cir. 1999)), his current petition is deemed to have been filed on the date when he gave it to prison officials for delivery to the Court, rather than the date when it was actually received and filed by the Clerk. Petitioner did not execute his petition until August 3, 2000, (Petition, p. 3), so that obviously is the earliest date when he could have given it to prison officials for mailing. Therefore, for purposes of § 2244(d), the present petition is deemed to have been filed -- and the statute of limitations stopped running – on August 3, 2000.

proceedings were initiated, plus 341 days after those proceedings were final.[5] This means that the instant petition is time-barred, because it was not filed until 37 days after the one-year statute of limitations had expired.

As previously noted, however, there is one exceptional factor that must be considered in this case – namely Petitioner's passing reference to the Supreme Court's recent decision in Apprendi v. New Jersey. To the extent that Petitioner is seeking habeas relief based on that decision, the statute of limitations analysis could be affected by § 2244(d)(1)(C). That clause of the statute provides that the one-year limitation period begins to run from "the date on which the constitutional right asserted was initially

[5] Petitioner might believe that a post-conviction motion does much more than just temporarily stop the statute of limitations from running while the post-conviction proceedings are pending. He may think that filing a post-conviction motion actually 'resets the clock,' so that a prisoner gets a fresh new one-year limitation period that does not begin until the state post-conviction proceedings are completed. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir. 2000), pet. for cert. filed July 5, 2000 (No. 00-40); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Thus, if Petitioner is asserting a claim based on a constitutional right that was first recognized in Apprendi, and if that right is retroactively applicable, then, as to that particular claim, the one-year statute of limitations began to run on the date of the Supreme Court's decision in Apprendi, which was June 26, 2000.

It is unnecessary to decide at this time whether the statute of limitations for Petitioner's "Apprendi claim" did not begin to run until June 26, 2000, because that claim could not be entertained right now in any event. Even if Apprendi did create some newly recognized constitutional claim that should be retroactively applied, that claim cannot be raised in a federal habeas corpus petition at this time, because it has never been presented to the state courts, and the state courts have had no opportunity to consider it. In other words, Petitioner has failed to exhaust his state court remedies with regard to such claim. See 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). For this reason, Petitioner's Apprendi claim cannot be entertained in this action, even if that claim is not untimely.

Thus, the Court concludes that none of Petitioner's current claims for relief can properly be entertained at this time. To the extent that Petitioner is attempting to present claims that were (or could have been) previously raised in state court, his petition must be dismissed because it is time-barred. To the extent that Petitioner may be attempting to present a newly available constitutional claim based on Apprendi, his petition must be

dismissed because he has not exhausted his state court remedies as to that claim.[6] Because "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court" at this time, it is recommended that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Any claims that were (or could have been) previously raised in state court shall be dismissed with prejudice, but any current claim that could not have been previously raised in state court -- namely any claim based on Apprendi -- shall be dismissed without prejudice. After Petitioner has exhausted his state court remedies with regard to his Apprendi claim, he can then return to federal court, if necessary, and attempt to raise that claim, (but only that claim), once again.[7]

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be summarily

---

[6] Nothing herein is meant to suggest that the Supreme Court actually did create some newly recognized constitutional right in Apprendi, or that any such right has been "made retroactively applicable to cases on collateral review." In other words, the Court has not concluded that 28 U.S.C. § 2244(d)(1)(C) is applicable here; the Court has simply concluded that even if Petitioner could show that he is raising some newly-recognized, retroactively-applicable, constitutional claim, that claim cannot be entertained at this time, because it is unexhausted.

[7] It should be noted once more, however, that even if Petitioner does return to federal court with a fully-exhausted Apprendi claim, he has no assurance that his claim will be addressed on the merits. In a future federal habeas action, a federal court could still determine that the statute of limitations for Petitioner's Apprendi claim is governed by 28 U.S.C. § 2244(d)(1)(A), and not § 2244(d)(1)(C), (see fn. 6, supra), in which event such future habeas action presumably would be found to be time-barred.

**DISMISSED** -- without prejudice as to any claim based on Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), and with prejudice as to all other claims.

DATED: August 11, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.